UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAITH NORMAN,<br><br>    Plaintiff,<br><br>v.<br><br>GERBER PRODUCTS COMPANY,<br><br>    Defendant. | Case No. 21-cv-09940-JSW<br><br>**ORDER GRANTING, IN PART, AND DENYING, IN PART, MOTION TO PARTIALLY DISMISS SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Re: Dkt. No. 41 |

Now before the Court for consideration is Gerber Products Company's ("Defendant") motion to dismiss Faith Norman's ("Plaintiff") Second Amended Class Action Complaint ("AAC"). The Court has considered the parties' papers, relevant legal authority, and the record in this case, and it finds the motion can be resolved without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearing set for March 31, 2023, and it GRANTS, IN PART, AND DENIES, IN PART Defendant's motion to dismiss.

The Court set forth the facts underlying this dispute in its Order granting, in part, and denying, in part, Defendant's motion to dismiss Plaintiff's First Amended Complaint and will not repeat those facts in detail. The Court also incorporates by reference the applicable legal standards set forth in that Order. *See Norman v. Gerber Products Co.*, 2023 WL 122910, at *1-*3 (N.D. Cal. Jan. 6, 2023).

In brief, Plaintiff challenges claims made on Defendant's products (the "Products") that its products are "Non GMO." Plaintiff alleges nine causes of action against Defendant: (1) violation of California's Unfair Competition Law ("UCL"), Business and Professions Code sections 17200, *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Business and Professions

1  Code sections 17500, *et seq*.; (3) violation of California's Consumers Legal Remedies Act
2  ("CLRA"), Civil Code sections 1750*, et seq*.; (4) breach of express warranty; (5) breach of the
3  implied warranty of merchantability; (6) unjust enrichment/restitution; (7) negligent
4  misrepresentation; (8) fraud; and (9) fraudulent misrepresentation.  (*Id.* ¶ 6.)

**A.     The Court Concludes Plaintiff Fails to Allege She Lacks An Adequate Remedy at Law.**

The Court previously granted Defendant's motion to dismiss Plaintiff's claim for equitable monetary relief on the basis that she failed to allege facts that showed she lacks an adequate remedy at law.  *Norman*, 2023 WL 122910, at *3.  It is well-established that claims for relief under the FAL and the UCL are limited to restitution and injunctive relief.  *See, e.g., Korea Supply Co. v. Lockheed Martin Corp*, 29 Cal. 4th 1134, 1146-49 (2003).  In contrast, the CLRA provides for equitable relief and for damages.  In *Sonner v. Premier Nutrition Corporation*, the Ninth Circuit held "that the traditional principles governing equitable remedies in federal courts, including the requisite inadequacy of legal remedies, apply when a party requests restitution under the UCL and CLRA in a diversity action."  971 F.3d 834, 843-44 (9th Cir. 2020).

Plaintiff argues *Sonner* is not controlling because it conflicts with *Moore v. Mars Petcare, Inc.,* 966 F.3d 1007 (9th Cir. 2020).[1]  In *Moore,* the defendants argued the plaintiffs could not seek equitable relief under the UCL or the FAL because they had an adequate legal remedy under the CLRA.  *Id.* at 1021 n13.  The court rejected that argument because the UCL, FAL, and CLRA "explicitly provide that remedies under each act are cumulative to each other." *Id.*  The court did not, however, engage in any analysis of what is necessary to plead standing to seek equitable relief in federal court.  *See, e.g., Shay v. Apple, Inc.*, No. 20-cv-1629-GPC (BLM), 2021 WL 1733385, at *4 (May 3, 2021); *Sharma v. Volkswagen, AG,* 524 F. Supp. 3d 891, 907 (N.D. Cal. 2021).

Each of Plaintiff's claims are based on the same underlying facts and legal theory: Defendant advertises its Products as Non GMO when they are not.  Plaintiff has removed the

---

[1]   Plaintiff also argues that *Sonner* is distinguishable because of its procedural posture.  The Court does not find that argument persuasive.  *See Gardiner v. Walmart, Inc.,* No. 20-cv-4618-JSW, 2021 WL 4992539, at *7 (N.D. Cal. July 28, 2021).

2

conditional language used in the FAC.  She also alleges that she lacks an adequate remedy at law because to obtain a full refund she would be required to prove the Products had no market value.  (SAC ¶¶ 80-81.)  Plaintiff also alleges that she would be required to make greater showings to prove her CLRA and common law claims than she would under the UCL or the FAL.  Finally, she alleges damages are less prompt because a jury trial may take longer than a bench trial, rendering damages less prompt and certain.  (*Id.* ¶¶ 82-84.)

The Court has previously considered similar arguments in other cases and does not find them persuasive.  The Court concludes the "allegations do not establish that the damages [Plaintiff] seeks are necessarily inadequate or incomplete.  That is, [Plaintiff's] 'inability to obtain damages here [would result] from her CLRA [and common law] claims' failure on the merits" not that there "there is an inherent limitation of the legal remedy that renders it inadequate." *Hanscom v. Reynolds Consumer Prods.*, No. 21-cv-3434-JSW, 2022 WL 591466, at *3 (N.D. Cal. Jan. 21, 2022) (quoting *Nacarino v. Chobani, LLC*, No. 20-cv-7437-EMC, 2021 WL 3487117, at *12 (N.D. Cal. Aug. 9, 2021)); *see also Roffman v. Rebbl, Inc.,* No. 22-5290-JSW, -- F. Supp. 3d --, 2023 WL 1420724, at *6 (N.D. Cal. Jan. 31, 2023); *Moran v. Bondi Sands, Inc.*, No. 21-cv-7961-JSW, 2022 WL 1288984, at * (N.D. Cal. Apr. 29, 2022); *Hanscom v. Reynolds Consumer Prods., LLC*, No. 21-cv-3434-JSW, 2022 WL 591466, at * (N.D. Cal. Jan. 21, 2022).

Accordingly, the Court GRANTS Defendant's motion to dismiss and dismisses the claims for equitable restitution and unjust enrichment.  The Court will not grant leave to amend at this time, but it will not preclude Plaintiff from seeking leave to amend as the litigation proceeds.

**B.    The Court Denies Defendant's Motion to Dismiss Claims Based on Mixed Tocopheryls/Vitamin E.**

Plaintiff continues to define GMOs as organisms that have been altered through genetic modification, which she alleges is "an artificial laboratory-based technique that is specifically designed to enable the transfer of genes between unrelated or distantly related organisms.  It includes any process in which genetic material is artificially manipulated in a laboratory, and may involve creating combinations of plant, animal, bacteria, and virus genes that do not occur in nature or through traditional crossbreeding methods."  (SAC ¶ 14.)

3

Plaintiff also includes a list of ingredients in Defendant's Products that she alleges are GMOs, including Mixed Tocopheryls (*i.e.*, D-Alpha Tocopheryl Acetate)/Vitamin E (hereinafter "Mixed Tocopheryls"). Defendant argues the Mixed Tocopheryl claims should be dismissed for the same reasons the Court previously dismissed Plaintiff's claims based on "Category 2" ingredients. *See Norman*, 2023 WL 122910, at *6. According to Plaintiff, the Institute for Responsible Technology lists Mixed Tocopheryls as a Non GMO ingredient. The Court previously concluded that the guide Plaintiff referenced stated the ingredients "may" be Non GMO and declined to accept as true allegations that those ingredients are, in fact, GMOs. *Id.* at *4 n.5.

Plaintiff also alleges Mixed Tocopheryl is a synthetic, water soluble form of Vitamin E used as a preservative. (SAC ¶ 42.) In paragraphs 41(a) and (b), Plaintiff generally alleges that Defendant's Products contain animal byproducts that are Non GMO and alleges that the Products contain ingredients derived from GM crops. She then proceeds to set forth the list of ingredients that she challenges. Although Plaintiff's allegations regarding Mixed Tocopheryls are not as detailed as other ingredients, such as citric acid or soy lecithin, the Court concludes it is reasonable to infer that each of the listed ingredients fall within one of the two larger categories set forth in paragraphs 41(a) and 41(b).

Accordingly, the Court DENIES, IN PART, Defendant's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court GRANTS, IN PART, and DENIES, IN PART, Defendant's motion to dismiss. The parties shall submit the stipulation and proposed scheduling order required by Docket No. 46 by April 7, 2023.

**IT IS SO ORDERED.**

Dated: March 24, 2023

JEFFREY S. WHITE
United States District Judge